IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:05:CR 149<br>Judge Thomas M. Rose |
| v. | : | PLEA AGREEMENT |
| MOHAMMAD RADWAN OBEID | : | |

---

The defendant **MOHAMMAD RADWAN OBEID**, individually and through his attorney, Shawn Kelly, Esq., and the United States, by counsel, agree as follows:

1. The defendant **MOHAMMAD RADWAN OBEID** will enter a plea of guilty to a single count Indictment. Count 1 of the Indictment alleges that the defendant made a material false statement to an agent of the Federal Bureau of Investigation in violation of 18 U. S. C. § 1001. Once said guilty plea is entered and not withdrawn, the United States Attorney for the Southern District of Ohio agrees not to file any additional criminal charges against the defendant **MOHAMMAD RADWAN OBEID** based on the current state of evidence presently in the United States Government's possession as of the date of this plea agreement. This agreement does not preclude the United States filing additional criminal charges in the event additional evidence is uncovered against defendant **MOHAMMAD RADWAN OBEID** in the future. The discovery provided to defense counsel by the United States on November 18, 2005 represents the complete state of evidence presently in the possession of the Government.

2. The maximum penalty that defendant **MOHAMMAD RADWAN OBEID** is subject to pursuant to his plea of guilty to Count 1 of the Indictment is a period of imprisonment

for not to exceed 5 years, a $250,000 fine, or both, not more than 3 years supervised release, and a $100 special assessment payable to the Clerk of Court as required by 18 U.S.C. § 3013.

3. The United States Attorney for the Southern District of Ohio recommends to the Court that as of the time of the execution of this Plea Agreement the defendant has accepted full responsibility for the offense to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the Government will file a motion pursuant to U.S.S.G. §3E1.1(a) recommending that the defendant be given a 2 point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

4. The defendant is aware that the United States Sentencing Guidelines (U.S.S.G.) and Policy Statements are no longer mandatory in determining his sentence. However, the defendant also understands that said guidelines and policy statements will be given due consideration by the Court, in conjunction with all other sentencing factors set forth in 18 U.S.C. §3553(a), to determine the appropriate sentence, pursuant to United States v. Booker, 543 U.S. ___, 2005 WL 50108 (January 12, 2005). The defendant is further aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offenses to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the U.S.S.G. that the defendant may have received from the defendant's counsel, the United States, or the probation office, is merely a prediction, not a promise, and is not binding on either the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw the guilty plea based upon the actual sentence imposed. The United States is not

limited in any way by this Plea Agreement from presenting evidence to the Court in a pre-sentencing evidentiary hearing.

5. The defendant **MOHAMMAD RADWAN OBEID** understands that the United States Probation Department will conduct a pre-sentence investigation and will recommend to the Court a Sentencing Guideline range. The defendant understands that the Probation Department's recommendations are not binding on the Court and the terms of this Plea Agreement are not binding upon the Court or Probation Department.

6. The defendant **MOHAMMAD RADWAN OBEID** understands that there is no agreement concerning his ultimate sentence. The defendant could indeed receive the maximum penalty provided by law.

7. By virtue of the defendant **MOHAMMAD RADWAN OBEID** pleading guilty to Count 1 of the Indictment, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. § 3006A (statutory note) and hereby expressly waives any right he might have to sue the United States.

8. Prior to or at the time of sentencing, the defendant **MOHAMMAD RADWAN OBEID** will pay to the United States District Court, a special assessment in the amount of $100.00, ($100.00 for Count 1) as required by 18 U. S. C. § 3013.

9. Further, defendant **MOHAMMAD RADWAN OBEID** acknowledges that this document contains the entire plea agreement between the defendant, **MOHAMMAD RADWAN OBEID**, and the United States through its undersigned attorney. No other agreements, promises, deals, bargains or understandings exist which modify or alter these terms.

10. This agreement binds only the United States Attorney's Office of the Southern District of Ohio and does not bind any other federal, state or local prosecuting authority.

DATE: _________

_________________________________
MOHAMMAD RADWAN OBEID
Defendant

DATE: _________

_________________________________
SHAWN KELLY, ESQ.
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

DATE: _________

_________________________________
DWIGHT K. KELLER
Assistant United States Attorney